**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| BARBARA POWELL, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: 04-0423(RMU) |
| | : | |
| v. | : | Document No.:   52 |
| | : | |
| ALICIA R. CASTANEDA, | : | |
| Chairman Federal Housing Financing | : | |
| Board, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

GRANTING IN PART AND DENYING IN PART THE PLAINTIFF'S
MOTION FOR RECONSIDERATION

**I. INTRODUCTION**

This case comes before the court on the plaintiff's motion to reconsider the court's

disposition of the defendant's motion to dismiss. The plaintiff, Barbara Powell, a former

employee of the Federal Housing Finance Board, brought suit for discrimination, retaliation and

hostile work environment claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42

U.S.C. §§ 2000e *et seq.*, and violations of the Equal Pay Act ("EPA"), 42 U.S.C. §§ 206 *et seq.*,

the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, the Americans

with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112 *et seq.*, and the Rehabilitation Act,

29 U.S.C. §§ 791, 793, 794(a). The court issued an opinion on September 26, 2005, disposing of

many of the plaintiff's claims. Despite the significant delay in bringing her motion to reconsider,

the plaintiff insists that highlighting facts, previously hidden in prolixity, and referencing

superceding case law should compel the court to restore several of the dismissed claims.

Because the court did not previously consider the plaintiff's amendments to the EEOC

complaint, and because the Supreme Court expanded the standard governing adverse

employment actions under Title VII, the court grants in part and denies in part the plaintiff's

motion.

## II.  BACKGROUND

For a complete recitation of the underlying facts in this case see the court's Memorandum

Opinion issued September 26, 2005.  The substance of that opinion disposes of the plaintiff's

claims pursuant to the EPA and ADA for lack of subject-matter jurisdiction.  Mem. Op. (Sept.

26, 2005) at 7, 15.  In addition, the court partially granted the defendant's motion to dismiss due

to the plaintiff's failure to timely notify an Equal Employment Opportunity Commission

("EEOC") counselor within 45 days as required by 29 C.F.R. § 1614.105(a)(1).  Specifically the

court dismissed the plaintiff's discrimination and retaliation claims arising out of (1) the October

1999 denial of paid leave, (2) the January 2000 business trip to New York with Edward Kelley,

the plaintiff's supervisor, (3) the October 11, 2001 memorandum regarding the plaintiff's failure

to follow office procedures, (4) the December 2001 "below standard" performance rating, (5) the

June 2002 "unsatisfactory" performance rating, (6) the June 2002 performance improvement

plan ("PIP"), and (7) the August 2003 notice of proposed removal.  *Id.* at 11 nn.4-6.  The court

continued, partially dismissing the plaintiff's retaliation claims as to (1) the June 2001

performance review, (2) the August 2001 and April 2004 letters of reprimand, and (3) the denial

of permission to attend a training session because these acts did not constitute materially adverse

employment actions.  *Id.* at 14.  Finally, the court dismissed the plaintiff's claim under the

Rehabilitation Act for failing to state a claim.  *Id.* at 15-16.

The plaintiff appeared *pro se* for the first three and a half years of this case, but on September 12, 2007, Robert Seldon, Esq. entered his appearance on behalf of the plaintiff.  Less than two months later, on October 31, 2007, the plaintiff filed a motion for reconsideration of the court's September 26, 2005 opinion.  The plaintiff's motion requests that the court re-evaluate its decision in light of superceding precedent, which expanded the definition of a material adverse employment action for the purposes of retaliation claims under Title VII.  Furthermore, the plaintiff contends that a second review of the plaintiff's timeliness arguments – specifically the impact of purported amendments to the plaintiff's EEOC complaint – may necessitate, in the interests of justice, the reinstatement of several of the plaintiff's claims.  The court now addresses the plaintiff's arguments.

## III.  ANALYSIS

### A.  Legal Standard for Altering or Amending an Interlocutory Judgment

A district court may revise its own interlocutory decisions "at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."  FED. R. CIV. P. 54(b); *see also Childers v. Slater*, 197 F.R.D. 185, 190 (D.D.C. 2000) (citing Federal Rule of Civil Procedure 60(b)'s Advisory Committee Notes).  The standard of review for interlocutory decisions differs from the standards applied to final judgments under Federal Rules of Civil Procedure 59(e) and 60(b).  *Compare Muwekma Tribe v. Babbitt*, 133 F. Supp. 2d 42, 48 n.6 (D.D.C. 2001) *and United Mine Workers v. Pittston Co.*, 793 F. Supp. 339, 345 (D.D.C. 1992) *with LaRouche v. Dep't of Treasury*, 112 F. Supp. 2d 48, 51-52 (D.D.C. 2000) *and Harvey v. District of Columbia*, 949 F. Supp. 878, 879 (D.D.C. 1996).  A motion pursuant to 59(e), to alter or amend a judgment after its entry, is not routinely granted.  *Harvey*, 949 F. Supp. at 879.

The primary reasons for altering or amending a judgment pursuant to Rule 59(e) are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.  *Id.*; *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam).  Motions pursuant to Rule 60(b) may be granted for similar reasons. Fed. R. Civ. P. 60(b); *LaRouche*, 112 F. Supp. 2d at 51-52.  Reconsideration of an interlocutory decision is available under the standard, "as justice requires."  *Childers*, 197 F.R.D. at 190.

"As justice requires" indicates concrete considerations of whether the court "has patently misunderstood a party, has made a decision outside the adversarial issues presented to the [c]ourt by the parties, has made an error not of reasoning, but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the court."  *Cobell*, 224 F.R.D. at 272 (internal citation omitted).  These considerations leave a great deal of room for the court's discretion and, accordingly, the "as justice requires" standard amounts to determining "whether reconsideration is necessary under the relevant circumstances." *Id.*  Nonetheless, the court's discretion under 54(b) is limited by the law of the case doctrine and "subject to the caveat that, where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again."  *Singh v. George Wash. Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (internal citations omitted).

### B.  Justice Requires the Court to Reinstate Two of the Three Claims at Issue Because the Plaintiff Exhausted Administrative Remedies

The plaintiff argues that her claims arising from (1) the receipt of an August 2001 letter of reprimand, (2) placement on a PIP in June 2002, and (3) a proposal to remove the plaintiff from her position issued in August 2003 should be reinstated because "the defendant failed to advised [sic] the Court that complainant had exhausted her administrative remedies by moving to amend her complaint before the EEOC."  Pl.'s Mot. at 2.  The defendant counters that the

plaintiff raised this argument in her opposition to the motion to dismiss, and the court should not rehash stale arguments.  Def.'s Opp'n at 4-5.

In this case, however, the court's ruling was predicated on the plaintiff failing to bring her claims to the attention of an EEOC counselor within the mandatory 45-day period pursuant to 29 C.F.R. § 1614.105(a)(1).  Mem. Op. (Sept. 26, 2005) at 11.  Notably, in its reasoning, the court did not take into account the plaintiff's amendments to the EEOC complaint,[1] which the EEOC has held dispenses of the counseling requirement.  *CORE v. BROWNLEE*, 2004 WL 189570, at *1 (E.E.O.C. Jan. 23, 2004); *Kalinoski v. Gutierrez*, 435 F. Supp. 2d 55, 77 (D.D.C. 2006) (declining to extend the 45-day notice requirement under 29 C.F.R. § 1614.105(a) to a plaintiff's ability to amend an EEOC complaint under 29 C.F.R. § 1614.106(d)).  The EEOC's determination coincides with principles underlying the exhaustion requirement:  ensuring the agency has "notice" and a "fair opportunity to provide full redress or to attempt an informal accommodation" required by Title VII.  *Loe v. Heckler*, 768 F.2d 409, 418 (D.C. Cir. 1985).

The plaintiff now presents documentation that the EEOC accepted amendments of claims this court dismissed for failing to exhaust administrative remedies.  Specifically, the plaintiff presents an EEOC decision – later vacated – which resolves claims arising out of the August 2001 letter of reprimand and the June 2002 PIP in the plaintiff's favor.  Pl.'s Mot., Ex. A at 2.  In addition, the plaintiff supplies the court with a Prehearing Report acknowledging that the EEOC considered and resolved these same two claims in the plaintiff's favor.  *Id.*, Ex. B at 2-3.  The defendant counters that the court should not give weight to the EEOC decision because it was later vacated due to the plaintiff filing her complaint in this court prior to the issuance of the

---

[1]     *Cf. Reed v. Islamic Repuclic of Iran*, 242 F.R.D. 125, 129 (D.D.C. 2007) (noting that "motions for reconsideration are not simply an opportunity to reargue facts and theories upon which a court has already ruled").

EEOC decision.  Def.'s Opp'n at 6 n.4.  The defendant also contends that the court should deny the plaintiff's motion because it is "inexcusably late."  *Id.* at 5.

Addressing the defendant's arguments in turn, the court notes the EEOC appellate body's vacature of the administrative judge's decision does not prevent this court from looking at the decision to determine which claims the administrative judge took under consideration.  Both the EEOC decision and the Prehearing Report make clear that the administrative judge regarded the claims arising from the August 2001 letter of reprimand and the June 2002 PIP to be properly before her via amendment by the plaintiff.  *See* Pl.'s Mot., Exs. A, B.  As to the defendant's argument that this motion is "inexcusably late," it does not escape the court's attention that for the vast majority of the time between the issuance of this court's opinion and the filing of the motion for reconsideration the plaintiff was proceeding *pro se*.  Because "district Courts have . . . strong incentives for ensuring adequate representation for *pro se* plaintiffs," *Ficken v. Alvarez*, 146 F.3d 978, 981 (D.C. Cir. 1998), and because the plaintiff's counsel entered an appearance less than two months before filing the motion for reconsideration, the court does not consider the plaintiff's motion untimely.

The court, in the interest of justice, grants the plaintiff's motion to reinstate her claims arising out of the August 2001 letter of reprimand and the June 2002 PIP.  *See Weber v. Battista*, 494 F.3d 179, 184 (D.C. Cir. 2007) (holding that a plaintiff exhausted administrative remedies by amending the EEOC complaint).  But, because the plaintiff does not present or cite documentation indicating that the EEOC accepted an amendment to include the August 2003 proposal of removal, the court denies the plaintiff's motion to reconsider that claim.  *Jones v. Univ. of D.C.*, 505 F. Supp. 2d 78, 85 (D.D.C. 2007) (rejecting discrete claims of alleged discriminatory conduct outside the scope of the EEOC complaint).

### C.  Intervening Case Law Does not Affect the Disposition of the Plaintiff's Claims

The plaintiff alleges that the court should reinstate four claims – dismissed because they did not qualify as material adverse employment actions – due to the Supreme Court's ruling in *Burlington N. & Santa Fe Ry Co. v. White*, 126 S. Ct. 2405, 2415 (2006).  The court's Memorandum Opinion dated September 26, 2005 dismissed the plaintiff's claims that the defendant discriminated against her in its June 2001 performance evaluation, August 2001 and April 2004 letters of reprimand, and a denial of a training opportunity in September 2001.  Mem. Op. (Sept. 26, 2005) at 14.  The court dismissed these claims because, at the time, they did not amount to an adverse employment action, *i.e.*, a "change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing significant change in benefits."  *Id.* at 14 (quoting *Taylor v. Small*, 350 F.3d 1286, 1293 (D.C. Cir. 2003)).

On February 28, 2006, this Circuit expanded the definition of a materially adverse employment action to include an action that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination."  *Rochon v. Gonzales*, 438 F.3d 1211, 1219 (D.C. Cir. 2006) (internal quotations omitted).  On June 26, 2006, the Supreme Court agreed, but added the caveat that "normally petty slights, minor annoyances, and simple lack of good manners will not create such deterrence."  *Burlington N.*, 126 S. Ct. at 2415.  The court now turns to whether this revised standard affects the disposition of the plaintiff's claims.

As an initial point of concern, the plaintiff offers no analysis as to why these claims should now survive.[2]  Pl.'s Mot. at 4 ("respectfully submit[ing that] the Court should apply this new precedent").  Nevertheless, to further the ends of justice, the court embarks on this journey alone.  First, the defendant gave the plaintiff a "Fully Satisfactory" performance rating in June 2001.  Mem. Op. at 14.  The plaintiff contends that this is "sarcastic" and "slander" of her previous "Commendable" designation.  Am. Compl. ¶ 38.  But the plaintiff fails to allege any facts giving heft to these conclusions.  *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1966 (2007) (stating that the pleading standard requires factual allegation to "possess enough heft to 'sho[w] that the pleader is entitled to relief'" (quoting FED. R. CIV. P. 8(a)(2))).  Indeed, on the record before it, the court regards such an evaluation as properly setting an employee down the path of prosperity rather than perdition.  *See Burlington N.*, 126 S. Ct. at 2415 (requiring "*material* adversity because [the Court] believe[s] it is important to separate significant from trivial harms").  Accordingly, the court does not disturb its previous dismissal of this claim.

Next, the plaintiff would have the court reconsider whether a denial of a training opportunity qualifies as an adverse employment action.  *See Generally* Pl.'s Mot.  The plaintiff contends that Kelley was "furious and provocative" and that the denial was an act of reprisal for filing an EEOC Complaint.  Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n") at 14-15.  The defendant asserts that the plaintiff attended training sessions "on numerous occasions," and in September 2001, the plaintiff attempted to take two training sessions about a week apart.  Def.'s Opp'n at 9.  A supervisor explained to the plaintiff that work priorities would preclude her from

---

[2]      "[A] district court judge should not be obligated to sift through hundreds of pages of depositions, affidavits, and interrogatories in order to make his own analysis and determination of what may, or may not be a genuine issue of material disputed fact." *Twist v. Meese*, 854 F.2d 1421, 1425 (D.C. Cir. 1988).  The plaintiff's mere legal conclusion that "her retaliation claims identified above that were dismissed because they did not meet the adverse action standard should also be reinstated" is strikingly devoid of that most critical and fundamental element, which is the hallmark of practicing law: analysis.  Pl.'s Mot. at 4.

attending the second training session.  *Id.*  Such action does not qualify under the *Burlington* and *Rochon* rubric because it falls well below the minimum threshold to support a charge of discrimination.  *Rochon*, 438 F.3d at 1219 (noting that "not everything that makes an employee unhappy is an actionable adverse action" (quoting *Manning v. Metro. Life Ins. Co.*, 127 F.3d 686, 692 (8t Cir. 1997))).  Even accepting the plaintiff's allegations as true, such a minor inconvenience would not deter a reasonable employee from making or supporting a charge of discrimination, and for that reason this claim remains dismissed.  *Burlington N.*, 126 S. Ct. at 2415 (noting that "slights," "minor annoyances," "snubbing," and "personality conflicts" are not actionable under Title VII).

Finally, as to the letters of reprimand from August 2001 and April 2004, the defendant avers that they did not affect the plaintiff "in any material way."  Def.'s Opp'n at 8-9.  The defendant also contends that "a reasonable person would not be dissuaded from making a supporting charge of discrimination based upon a one year letter of reprimand that was not used as a basis for any employment activity or decision."  *Id.* at 9.  The August 2001 letter reprimanded the plaintiff for either being 5 minutes late for an interview, Am. Compl. ¶ 42, or for being insubordinate and acting in a threatening manner, Def.'s Mot. to Dismiss at 12.[3]  The plaintiff asserts that her supervisor, Kelley, issued the letter of reprimand "the first business day" after the plaintiff told him about the EEOC complaint and it remained in her personnel file for a year.  Am. Compl. ¶ 42.

The second letter, issued on April 5, 2004, details the plaintiff's inappropriate behavior in three meetings, noting physical agitation and verbal abuse.  Def.'s Mot. to Dismiss at 15-16.  The plaintiff insists that the letter is due to the agency's receipt of an EEOC decision.  Am. Compl. ¶

---

[3]        The parties have not submitted a copy of this letter for the court's review.

67.  Accepting the plaintiff's allegations as true and drawing all reasonable inferences therefrom in the plaintiff's favor, *Macharia v. United States*, 334 F.3d 156, 165 (D.C. Cir. 2003), the court regards the two letters of reprimand – describing the plaintiff's behavior as threatening and verbally abusive and remaining in the plaintiff's personnel file for one year[4] – as a material disincentive for an employee wishing to initiate or support a charge of discrimination.  *Compare Walker v. Johnson*, 501 F. Supp. 2d 156, 173 (D.D.C. 2007) (determining that a formal letter of reprimand left in a personnel file for two years could add a level of severity to future discipline in that time frame) *with Jones v. Johanns*, 2007 WL 2694017, at *6 (6th Cir. Sept. 14, 2007) (holding that three letters of reprimand sent over three and a half years with rather soft language did not constitute adverse employment actions).  Accordingly, the court revives these claims to the extent they are materially adverse employment actions.


## IV.  CONCLUSION

For the foregoing reasons, the court grants in part and denies in part the plaintiff's motion for reconsideration.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 18th day of December 2007.


RICARDO M. URBINA
United States District Judge

---

[4]     It is unclear how long the second letter of reprimand remained in the plaintiff's personnel file.